RYAN, Judge
(dissenting):
I join Judge Stocky’s dissent, with a single caveat. While I agree with Judge Stocky’s analysis as to why the majority is wrong that there is no waiver, United States v. Treat, 73 M.J. 331, 338-39 (C.A.A.F. 2014) (Stocky, J., dissenting), I am nonetheless skeptical that we should find waiver where, as here, the military judge clearly determined that the Government did not prove one of the elements — which is why she excepted the language that pled it. See Rule for Courts-Martial (R.C.M.) 917(a) (“The military judge ... sua sponte, shall enter a finding of not guilty of one or more offenses charged after the evidence on either side is closed and before findings on the general issue of guilt are announced if the evidence is insufficient to sustain a conviction of the offense affect ed.”). Thus, irrespective of Appellant’s duty to object at trial, see United States v. Finch, 64 M.J. 118, 121 (C.A.A.F.2006), in my view the military judge had an independent duty to dismiss the charge, including giving the *341 parties an opportunity to be heard, and the military judge failed to fulfill that duty. See R.C.M. 917(a), (c). Absent waiver, I fully agree that there was prejudice to a substantial right of the accused, see Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (2012), and would reverse the deei-sjon 0f ^he United States Army Court of r„- • Annpcil„ PI